## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

NATHANIEL J. WILLINGHAM,
          Appellant,

      v.

DEPARTMENT OF THE NAVY,
          Agency.

DOCKET NUMBER
SF-0752-23-0404-I-1

DATE: February 24, 2025

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Nathaniel J. Willingham, Virginia Beach, Virginia, pro se.

James Yu, Esquire, and Stephanie Rogers, Esquire, Norco, California, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Henry J. Kerner, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed his indefinite suspension based on the suspension of his access to classified information. On petition for review, the appellant asserts that the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

administrative judge incorrectly concluded that the record did not support his claim that he obtained a Top Secret clearance for a prior position, and he reiterates his argument that the review of his access to classified information was initiated in reprisal for whistleblowing and other protected activity. Petition for Review File, Tab 1. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not

established any basis under section 1201.115 for granting the petition for review.[2] Therefore, we DENY the petition for review. Except as expressly MODIFIED to SUPPLEMENT the initial decision to find that the indefinite suspension promotes the efficiency of the service and is reasonable, we AFFIRM the initial decision.

In affirming the appellant's indefinite suspension based on the charge of suspension of access to classified information and assignment to sensitive position, the administrative judge correctly found, based largely on the parties' stipulations, that the appellant's position is classified as non-critical sensitive and requires the appellant to maintain clearance eligibility of at least Secret and that, as a condition of employment, he must maintain eligibility for access to classified information and be able to occupy assignment in a sensitive position. Initial Appeal File (IAF), Tab 18, Initial Decision (ID) at 15-17, Tab 12 at 13. He also correctly found that the appellant's eligibility for clearance or assignment to a sensitive position was suspended. ID at 18; IAF, Tab 5 at 43, Tab 12 at 13. Such

---

[2] The appellant's reiteration of his claims of reprisal in his petition for review do not provide a basis to disturb the administrative judge's conclusion that that the Board is without authority to consider those claims. Initial Appeal File, Tab 18, Initial Decision at 6. Although we acknowledge that the appellant is not asking the Board to determine whether the subsequent derogatory information uncovered by the Defense Counterintelligence and Security Agency Consolidated Adjudication Services (DCAS CAS) was sufficient to warrant the suspension of his clearance or access to classified information, his assertion that DCAS CAS's review of his access to classified information was the result of reprisal does ultimately go to the merits of a decision to suspend his access because it requires a determination of whether the proffered reason for the suspension was legitimate. The Board is explicitly prohibited from making such a determination. *See Department of the Navy v. Egan*, 484 U.S. 518, 530 (1988). When a claim requires the Board to consider whether the reasons for the suspension of the clearance or access to classified information are legitimate, such as a claim of discrimination or, as is the case here, reprisal, the Board is without authority to review those claims. *See Putnam v. Department of Homeland Security*, 121 M.S.P.R. 532, ¶¶ 18-19 (2014) (concluding that the Board is not permitted to review allegations of prohibited discrimination or reprisal relating to an adverse action premised on the suspension or revocation of a security clearance where doing so would involve a prohibited inquiry into the validity of the security clearance determination). As such, the administrative judge properly declined to consider the appellant's reprisal claims.

findings are sufficient to sustain the charge here.[3] *See Buelna v. Department of Homeland Security*, 121 M.S.P.R. 262, ¶ 11 (2014) (sustaining a charge of suspension of a Top Secret security clearance based on the parties' stipulations that the appellant's position required a security clearance and that he "lost" the security clearance); 5 C.F.R. § 1201.63 (explaining that a stipulation will satisfy a party's burden of proving the fact alleged).

To sustain an indefinite suspension under chapter 75, the agency must also show that there is a nexus between the suspension of the appellant's access to classified information and the efficiency of the service and that the penalty was reasonable. *Hall v. Department of Defense*, 117 M.S.P.R. 687, ¶¶ 6, 10 (2012). The administrative judge did not address these issues in the initial decision. The Board has consistently held that a nexus exists between an indefinite suspension based on the suspension or revocation of a security clearance or access to classified information and the efficiency of the service. *See Munoz v. Department of Homeland Security*, 121 M.S.P.R. 483, ¶ 13 (2014) (explaining when an adverse action is based on the failure to maintain a security clearance required by the job description, the action promotes the efficiency of the service because "the absence of a properly authorized security clearance is fatal to the job entitlement") (internal citations omitted); *Buelna*, 121 M.S.P.R. 262, ¶ 11 (agreeing with the administrative judge that an indefinite suspension based on the suspension of a required security clearance promotes the efficiency of the service). It has also consistently upheld the penalty of an indefinite suspension

---

[3] The administrative judge also correctly found that the indefinite suspension action appropriately included a condition subsequent that would terminate the suspension and that the agency did not have a formal policy entitling the appellant to reassignment in lieu of an indefinite suspension. ID at 21-22; IAF, Tab 12 at 14; *see Munoz v. Department of Homeland Security*, 121 M.S.P.R. 483, ¶ 15 (2014); *Hernandez v. Department of the Navy*, 120 M.S.P.R. 14, ¶ 6 (2013). We also agree with his conclusion that the agency complied with all necessary procedural protections and afforded the appellant due process. ID at 19-21; IAF, Tab 12 at 13-14; *see* 5 U.S.C. § 7513(b); *Palafox v. Department of the Navy*, 124 M.S.P.R. 54, ¶ 8 (2016).

when an employee's clearance or access to classified information is suspended or revoked. *See Palafox v. Department of the Navy*, 124 M.S.P.R. 54 (2016) (upholding an indefinite suspension for failure to meet a condition of employment based on the suspension of access to classified information); *Rogers v. Department of Defense*, 122 M.S.P.R. 671, ¶ 5 (2015) (stating that an agency may indefinitely suspend an employee when his access to classified information has been suspended and he needs such access to perform his job). Accordingly, we supplement the initial decision to find that the appellant's indefinite suspension promotes the efficiency of the service and is a reasonable penalty.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.